1  PHILLIP A. TALBERT
   Acting United States Attorney
2  LAUREL J. MONTOYA
   Assistant United States Attorney
3  Robert E. Coyle Federal Courthouse
   2500 Tulare Street
4  Fresno, CA 93721

5  (559) 497-4000

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,              CASE NO.  1:07-CR-00079-NONE-SKO
                                                    1:21-CR-00251-DAD-BAM
12                      Plaintiff,
                                          STIPULATION TO CONTINUE STATUS
13             v.                         CONFERENCE; FINDINGS AND ORDER
                                          THEREON
14 JOSEPH HERNANDEZ, JR.,
                                          DATE: December 27, 2021
15                      Defendant.        TIME: 2 p.m.
                                          COURT: Hon. Erica P. Grosjean
16

17         This case is set for status conference on December 27, 2021.  On May 13, 2020, this Court issued

18 General Order 618, which suspends all jury trials in the Eastern District of California until further

19 notice.  This General Order was entered to address public health concerns related to COVID-19.

20 Further, pursuant to General Order 614, 620, 624, 628, and 630 and the CARES Act, this Court's

21 declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's

22 Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

23 judges to continue all criminal matters to a date after May 1, 2020.[1]

24         Although the General Order addresses the district-wide health concern, the Supreme Court has

25 emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

26 openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

27 _____

28       [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME              1
   PERIODS UNDER SPEEDY TRIAL ACT

1    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

2    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

3    at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

4    judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

5    orally or in writing").

6       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7    and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial

8    emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9    judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10   action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

11   3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

12   case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13   such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14       The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15   18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16   continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17   discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18   week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19   764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20   *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21   exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22   The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23   by the statutory rules.

24       In light of the societal context created by the foregoing, this Court should consider the following

25   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26   justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

27

28          [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1  for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2  pretrial continuance must be "specifically limited in time").

### STIPULATION

4      Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6      1.      By previous order, this matter was set for status on December 27, 2021.

7      2.      By this stipulation, defendant now moves to continue the status conference until February

8  15, 2022, and to exclude time between December 27, 2021, and February 15, 2022, under Local Code

9  T4.

10     3.      The parties agree and stipulate, and request that the Court find the following:

11         a)      The government has represented that the discovery associated with this case has

12  been either produced directly to counsel and/or made available for inspection and copying.

13         b)      Counsel for defendant desires additional time to consult with his client, discuss

14  case resolution, check with other courts regarding possible charges, and review the discovery.

15         c)      Counsel for defendant believes that failure to grant the above-requested

16  continuance would deny him/her the reasonable time necessary for effective preparation, taking

17  into account the exercise of due diligence.

18         d)      The government does not object to the continuance.

19         e)      In addition to the public health concerns cited by General Order 611 and

20  presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

21  this case because Counsel or other relevant individuals have been encouraged to telework and

22  minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal

23  contact should the hearing proceed.

24         f)      Based on the above-stated findings, the ends of justice served by continuing the

25  case as requested outweigh the interest of the public and the defendant in a trial within the

26  original date prescribed by the Speedy Trial Act.

27         g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

28

et seq., within which a hearing must commence, the time period of December 27, 2021 to

February 15, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv)

[Local Code T4] because it results from a continuance granted by the Court at defendant's

request on the basis of the Court's finding that the ends of justice served by taking such action

outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

must commence.

IT IS SO STIPULATED.

Dated:  December 22, 2021                          PHILLIP A. TALBERT
                                                   Acting United States Attorney


                                                   /s/ LAUREL J. MONTOYA
                                                   LAUREL J. MONTOYA
                                                   Assistant United States Attorney


Dated:  December 22, 2021                          /s/ DANIEL PRADO
                                                   DANIEL PRADO
                                                   Counsel for Defendant
                                                   JOSEPH HERNANDEZ, JR.



**FINDINGS AND ORDER**


IT IS SO ORDERED.

Dated:   __**December 22, 2021**__            /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE